IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT LAMART JAMES MCCOLLUM,<br><br>Defendant. | Case No.: 3:21-cr-00376-AN-1<br><br>OPINION AND ORDER |

    *Pro se* defendant Robert Lamart James McCollum filed a Motion for Reconsideration Pursuant to the Execution of Sentence, which the Court construes as a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1).[1] For the reasons set forth below, defendant's motion is DENIED.

## LEGAL STANDARD

    Under section 3582(c)(1)(A),[2] a sentencing court may modify a term of imprisonment that has already been imposed when four conditions are met: (1) The defendant has fully exhausted all administrative remedies through the Bureau of Prisons;[3] (2) either extraordinary and compelling reasons warrant a sentence reduction or the defendant has served at least 30 years in prison and met other requirements not relevant here; (3) the reduction is "consistent with applicable policy statements issued by

---

[1] 18 U.S.C. § 3582(c)(1)(A) is most often applied in relation to motions for sentence reduction and compassionate release. Accordingly, the language of the statute focuses on sentence reductions. Nonetheless, the statute directs that a court "*may not modify a term of imprisonment* once it has been imposed except" when the conditions of the statute are met. However, this statute also guides when a court may "modify" an imposed sentence. 18 U.S.C. § 3582(c) (emphasis added). Defendant has not identified, and the Court has not located, any other applicable authority—such as those provided by section 3582(b) or Federal Rule of Criminal Procedure 35—that would permit the Court to modify defendant's sentence.

[2] All references to sections of the U.S. Code refer to title 18, unless otherwise noted.

[3] Although the defendant usually bears the burden of proving that he has exhausted his administrative remedies, a court does not need to consider this issue *sua sponte* if it is not argued by the government. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) ("[Section] 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced *when properly invoked*." (emphasis added)). Although defendant presents no evidence that he has pursued administrative remedies, the government does not argue this point in its briefing. Therefore, the Court considers the merits of defendant's motion.

the Sentencing Commission"; and (4) the reduction is warranted after consideration of the applicable factors outlined in section 3553(a). The defendant bears the burden of proving that each condition is met. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *see United States v. Moore*, 466 F. Supp. 3d 1148, 1150 (D. Or. 2020) ("A defendant seeking a reduction in his term of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release.").

## DISCUSSION

Defendant is currently serving a total of 125 months based on two consecutive sentences. J. & Commitment, ECF [75], at 1-2. The first is a 65-month sentence for possession with the intent to distribute fentanyl. *Id.* The second is a 60-month sentence for possession of a firearm in furtherance of a drug trafficking crime, imposed pursuant to section 924(c)(1)(A)(i). *Id.* He was sentenced on August 28, 2024, and is currently incarcerated at FCI Sheridan. *See id.*

This is defendant's first motion following his sentencing. Defendant does not seek a sentence reduction. Instead, defendant seeks to reorder the sequence in which he serves his sentences so that he serves his sentence for possession of a firearm in furtherance of a drug trafficking crime before he serves his sentence for possession of fentanyl with the intent to distribute. Def. Mot. for Reconsideration ("Mot."), ECF [79], at 2. Defendant contends that only with reordered sentences will he be able to take advantage of anti-recidivism programming, such as the Residential Drug Abuse Program ("RDAP") authorized by section 3621. *See* Mot. 3. The government opposes defendant's motion. *See* Gov't Resp. Opp. to Def. Mot. for Reconsideration ("Gov't Resp."), ECF [82].

The United States Sentencing Commission provides examples of what qualifies as "extraordinary and compelling" reasons to modify a sentence. These include a defendant suffering from a terminal illness, a defendant experiencing serious deterioration due to the aging process, the incapacitation of a family member or spouse when a defendant would be the only available caregiver to that individual, and other reasons of similar gravity. *See* United States Sentencing Commission, Guidelines Manual, §1B1.13 (Nov. 2023). Although defendant's goals to "have a good trade to support his family when [he is]

released" and "achieve [his] goals to change [his] lifestyle" are laudable, *see* Mot. 4, and his efforts to improve himself should be commended, these objectives do not rise to the level of "extraordinary and compelling" reasons. The bar for extraordinary and compelling reasons is set at impending death, serious deterioration, and circumstances of similar gravity. Therefore, defendant's request to modify his sentence so that he may qualify for trade and drug treatment programs does not satisfy the requirements of section 3582(c)(1)(A).

## CONCLUSION

For the reasons stated herein, defendant's Motion for Reconsideration Pursuant to the Execution of Sentence, ECF [79], is DENIED.

IT IS SO ORDERED.

DATED this 7th day of November, 2025.

_____
Adrienne Nelson
United States District Judge